IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENT L. ALFORD,**

                          **Petitioner,**

      v.                                                  CASE NO. 24-3185-JWL

**DONALD LANGFORD,**

                          **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Brent L. Alford, a state prisoner currently incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction because it is a second or successive petition. If Petitioner wishes to pursue federal habeas relief related to his 1993 convictions, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court.

### Background

In 1993, a jury in Sedgwick County, Kansas convicted Petitioner of first-degree murder, aggravated kidnapping, and unlawful possession of a firearm and he was sentenced to a controlling sentence of life in prison plus a hard 40. *See State v. Alford*, 257 Kan. 830, 831 (1995) (*Alford I*); *Alford v. State*, 2010 WL 174001, *1 (Kan. Ct. App. Jan. 8, 2010) (unpublished) (*Alford II*), *rev. denied* Mar. 31, 2010. In an opinion issued on June 2, 1995, the Kansas Supreme Court affirmed the convictions and sentences. *Alford I*, 257 Kan. at 831-32.

In December 1997, Petitioner filed in state district court a motion seeking relief under K.S.A. 60-1507. *State v. Alford*, 2024 WL 3385073, *2 (Kan. Ct. App. July 12, 2024) (*Alford III*).

After the state district court denied relief, Petitioner filed a notice of appeal and, at the same time, filed a separate motion to reconsider. *Id.* at 2. More than 2 years passed, but Petitioner did not docket his appeal with the appellate court and the state district court did not rule on the pending motion to reconsider. *Id.* In 2000, at the State's request, the district court dismissed the appeal based on Petitioner's failure to docket it. *Id.* at *3. Petitioner did not appeal the dismissal or move the appellate court to reinstate the appeal. Rather, he began a second K.S.A. 60-1507 proceeding in the state courts, but relief was again denied and, in March 2010, the KCOA affirmed the denial of relief in that case. *See id.*

On March 16, 2011, Petitioner filed his first petition for federal habeas relief in this Court under 28 U.S.C. § 2254. *Alford v. Cline, et al.*, Case No. 11-3062-SAC (*Alford IV*).[1] United States Senior District Judge Sam A. Crow issued an order finding that the case was "subject to being dismissed because the application is time barred." *Alford IV*, Doc. 2 (D. Kan. May 10, 2011). After analyzing timeliness under 28 U.S.C. § 2244(d), Judge Crow noted that the federal habeas filing deadline had expired before the petition was filed. *Id.* at 2. Judge Crow granted Petitioner time to show cause why the petition should not be summarily dismissed as time-barred. *Id.* at 3.

Petitioner filed a response, but his "response ma[de] no showing that he timely filed his § 2254 petition within any provision of § 2244(d)(1), and identifie[d] no circumstances that might warrant equitable tolling of that statutory limitation period." *See Alford IV*, Doc. 4, p. 1-2 (D. Kan. June 2, 2011). Accordingly, in June 2011, Judge Crow dismissed the matter as time barred. *Id.* at 2. Petitioner did not file a notice of appeal from this dismissal.

In 2014, Petitioner moved in state district court to reinstate the appeal from the denial of

---

[1] The Court's orders in this matter before 2017 are not available through Westlaw, so these early orders in Case No. 11-3062-SAC are cited only by docket entry and page number. Westlaw citations or citations to the Federal Appendix are provided for all unpublished orders and opinions as available.

his first 60-1507 motion. *Alford III*, 2024 WL 3385073 at *3. He argued for the first time that the district court erred in dismissing that appeal when it had not yet ruled on the pending motion to reconsider. *Id.* Under Kansas law, when a timely notice of appeal is followed by a timely motion to reconsider, the notice of appeal is "rendered premature." *Id.* at *5. "Generally, courts treat premature notices as lying dormant until the entry of an appealable judgment, whereupon the notice becomes effective." *Id.* Only at that point does the time to docket the appeal begin to run again. Nevertheless, the state district court declined to reinstate the appeal, finding that "based on the lengthy delay in bringing the issue [of the pending motion to reconsider] to the court's attention, . . . [Petitioner] had waived the ability to make this argument." *Id.* at *3. Petitioner appealed. *Id.*

While that appeal was pending, Petitioner returned to this Court and, on August 2, 2016, filed in his long-closed federal habeas case a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. *Alford IV*, Doc. 7. On January 24, 2017, Judge Crow issued an order noting that, liberally construed, the motion for relief from judgment contained three arguments:

> 1) at the time of the court's dismissal of his [2254] petition, he had a properly filed application for state post-conviction review pending, which tolled the limitation period pursuant to 28 U.S.C. § 2244(d)(2); 2) the order dismissing petitioner's § 2254 is void, meaning the time limitations for filing a Rule 60(b) motion [for relief from judgment] are inapplicable; and 3) petitioner was deprived of due process because (a) the state court failed to rule on his motion for reconsideration of the dismissal of his first motion . . . under K.S.A. 60-1507, and (b) the order of the state court dismissing petitioner's appeal of the dismissal of his first K.S.A. 60-1507 motion was void in that the state court did not have the authority to take any action on petitioner's appeal while the motion to reconsider remained pending.

*Alford IV*, 2017 WL 3327585, *1 (D. Kan. Jan. 24, 2017) (unpublished).

Judge Crow emphasized that in 2011, when Petitioner was directed to show cause why his § 2254 should not be dismissed as untimely, Petitioner could have made a statutory tolling

3

argument based on the motion to reconsider pending in the state court, but he did not. *Id.* at *3. In addition, Petitioner had not appealed the dismissal to the Tenth Circuit and he waited more than 5 years after the dismissal to file his motion for relief from judgment. *Id.* Thus, Judge Crow held that the motion for relief from judgment was not timely filed within the "reasonable time" allowed by Rule 60, and he denied the motion. *Id..* Judge Crow declined to issue a certificate of appealability on that issue and, to the extent that Petitioner's motion for relief from judgment raised new claims for relief, such claims were "considered a second or successive § 2254 petition, and the court is without jurisdiction to consider these arguments." *Id.* at 7. Petitioner timely appealed this order.

On June 2, 2017, the KCOA issued its opinion regarding the denial of Petitioner's motion to reinstate the appeal related to his first 60-1507 motion. *See Alford v. State*, 2017 WL 2403121, *1 (Kan. Ct. App. June 2, 2017) (unpublished), *rev. denied* Feb. 27, 2018. Rather than relying on the same rationale as the district court—that Petitioner had waived the ability to make his arguments regarding the pending motion to reconsider—the KCOA reasoned that the motion to reinstate the appeal was untimely, so the district court lacked jurisdiction to grant it. *Id.* at *3. The KSC denied the subsequently filed petition for review.

Six days after the KCOA's opinion, the Tenth Circuit issued an order in the appeal from the denial of Petitioner's Rule 60 motion. *Alford IV*, 696 Fed. Appx. 871 (10th Cir. June 8, 2017) (unpublished). In relevant part, it explained:

> On appeal, Mr. Alford makes no argument regarding the district court's denial of his Rule 60 motion. He does not argue, for example, that the court's order denying his § 2254 application is void, nor has he identified "any other reason that justifies relief" from that order. Instead, Mr. Alford reargues the timeliness and the merits of his § 2254 application. But we do not have jurisdiction to review the order denying his § 2254 application, as that order was not appealed, and such an appeal would by now be untimely. Our review is limited to the order denying and dismissing Mr. Alford's Rule 60 motion. And as to *that* order, Mr. Alford has failed to establish that reasonable jurists could debate the correctness of the district court's decision.

4

*Id.* at 874.

The Tenth Circuit also affirmed that a federal district court lacks jurisdiction to address the merits of a second or successive § 2254 unless the appropriate circuit court has granted the petitioner authorization to bring it. *Id.* Noting that Petitioner did not argue that Judge Crow had erred by finding his new claims constituted a second or successive § 2254 petition, and only "reargues the merits of these claims," the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal. *Id.* at 874-75.

Petitioner continued to seek relief from his 1993 convictions both in the state courts and through additional unauthorized second or successive § 2254 petitions in this Court. *See Alford v. Cline*, 2019 WL 1556206 (D. Kan. April 10, 2019) (unpublished) (dismissing matter for lack of jurisdiction as an unauthorized second § 2254 petition). In his third § 2254 petition, which was filed in 2020, Petitioner argued that he was entitled to statutory tolling of the federal habeas statute of limitations based on the motion to reconsider that was pending in 2011 in his first 60-1507 proceeding. *See Alford v. Cline*, Case No. 20-3003-SAC, 2020 WL 9065809, *1-2 (D. Kan. May 22, 2020) (*Alford V*) (unpublished). In support, Petitioner cited *Strong v. Hrabe*, 750 Fed. Appx. 731 (10th Cir. 2018), in which the Tenth Circuit held that the statute of limitations under 28 U.S.C. § 2244(d)(1) was tolled by a postconviction motion that remained pending in state court for more than 35 years.

In an order in the third § 2254 proceeding, Judge Crow recognized that "[t]he state court has never ruled on [Petitioner's] motion to reconsider" the denial of his first 60-1507 motion. *Alford V*, 2020 WL 9065809 at *2. Judge Crow concluded that although Petitioner "should have been well aware that he needed to request authorization from the Tenth Circuit before filing a petition here, he has a basis for questioning the time bar." *Id.* at *2. Therefore, reasoning that "it

5

is possible that Mr. Alford's petition is not time-barred," Judge Crow transferred the petition to the Tenth Circuit for potential authorization to proceed instead of dismissing it outright. *Id.* at 4.

On July 6, 2020, the Tenth Circuit issued its order denying authorization, stating in relevant part:

> [T]he time for Alford to raise his statutory tolling argument was in an appeal of the order dismissing his first § 2254 application, not in a subsequently filed § 2254 application. Alford did not seek a [certificate of appealability] to challenge the 2011 dismissal order, and we do not have jurisdiction to review that order now.
>
> The dismissal of Alford's first § 2254 application was thus a decision on the merits, and his subsequent applications, including the one at issue here, are second or successive applications that the district court lacks jurisdiction to rule on without our authorization.

*Alford V*, Doc. 14, p. 7 (10th Cir. July 6, 2020) (citation omitted) (unpublished).

In February 2021, Petitioner filed in state district court a motion for "emergency writ of mandamus." *Alford III*, 2024 WL 3385073 at *3. He "'sought to 'compel' the district court to rule on his 1998 motion to reconsider 'in order to commence his time to appeal and, thus, endow the appellate courts with jurisdiction over his [K.S.A.] 60-1507 matter.'" *Id.* Ultimately, the state district court denied the motion, "finding nothing in [it] warranted reconsideration of the district court's earlier dismissal of his first K.S.A. 60-1507 motion." *Id.* at *4. Petitioner appealed. *Id.*

The KCOA issued its opinion on July 12, 2024. After considering the convoluted procedural history, the KCOA decided to "consider the merits of Alford's K.S.A. 60-1507 motion and [the motion to reconsider denial of the 60-1507 motion] now—effectively granting him the appeal he has sought." *Id.* at *6. Ultimately, however, the KCOA held:

> [T]he trial record and additional filings in this case conclusively demonstrate that Alford's claims in his first K.S.A. 60-1507 motion were without merit. The district court did not err when it summarily denied that motion in 1998. And the district court correctly found in its most recent order that Alford's [motion to reconsider the denial] was similarly without merit.

<mark>6</mark>

*Id.* at 10. Petitioner advises that his petition for review is pending before the KSC. (Doc. 1, p. 12.)

Petitioner has now returned to federal court and has filed another § 2254 petition challenging his 1993 convictions. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. As Petitioner is well aware, under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

This is Petitioner's fifth § 2254 action challenging his 1993 convictions. As noted above, the first was dismissed in 2011 as time-barred. "[T]he dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and other cases). Both this Court and the Tenth Circuit have explained to Petitioner that he must obtain authorization from the Tenth Circuit before filing a 28 U.S.C. § 2254 that seeks to challenge his 1993 convictions. *See, e.g.*, *Alford V*, Doc. 14, p. 7 (10th Cir. July 6, 2020) ("The dismissal of Alford's first § 2254 application was thus a decision on the merits, and his subsequent applications, including the one at issue here, are second or successive applications that the district court lacks jurisdiction to rule on without our

7

authorization."); *Alford v. Langford*, 2023 WL 1815680, *2 (D. Kan. Feb. 8, 2023) (unpublished) ("This Court has twice explained to Petitioner that he must seek authorization from the Tenth Circuit before he may proceed in this Court on a second or successive application for habeas corpus relief under § 2254.").

Despite this, Petitioner has not sought the required authorization. Instead, he again argues that the timeliness holding in his first § 2254 was incorrect because the motion to reconsider pending at the time in his first 60-1507 proceeding tolled the federal habeas statute of limitations. (Doc. 1, p. 13-14.) He also argues that the 2024 KCOA opinion is a "new judgment" that renders his current § 2254 petition a new petition rather than a successive one, so he does not need to obtain authorization from the Tenth Circuit before proceeding in this Court. *Id.*

Both of these arguments fail. First, as previously explained to Petitioner by the Tenth Circuit, the time for him to assert an error in the 2011 dismissal of his first § 2254 petition as time-barred has long passed. *See Alford V*, Doc. 14, p. 7 (10th Cir. July 6, 2020) (citation omitted) (unpublished) ("[T]he time for Alford to raise his statutory tolling argument was in an appeal of the order dismissing his first § 2254 application, not in a subsequently filed § 2254 application."). The Court sees no need to revisit the rationale or the law supporting this holding.

Petitioner also contends that the 2024 KCOA opinion constitutes a "new judgment" that may be attacked in a § 2254 petition, meaning that the current petition is not successive. (Doc. 1, p. 13-14.) In support, he cites *Magwood v. Patterson*, 561 U.S. 320 (2010), and *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). Just last year, this Court identified for Petitioner the flaws in this argument. *See Alford v. Langford*, 2023 WL 1815680, *2 (D. Kan. Feb. 8, 2023). In an order dismissing the § 2254 petition Petitioner filed in February 2023, the Court stated:

> [Petitioner] argues that an order entered on December 5, 2020 denying Petitioner's motion for emergency writ of mandamus constitutes a "new judgment."

8

> Thus, he contends, the current matter is timely filed and, because this is the first federal habeas challenge to this "new judgment," it is not successive. This argument is unpersuasive.
>
> The "judgment" on which federal habeas courts focus is the judgment that resulted in a habeas applicant's confinement, not the most recent order relevant to any issue in the federal habeas matter. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (citing § 2254; *Burton v. Stewart*, 549 U.S. 147, 156 (2007); and *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007)). This distinction can be seen in the cases to which Petitioner cites to support his argument that the 2022 order is a "new judgment." (Doc. 1, p. 153-17.) In *Magwood v. Patterson*, 561 U.S. 320, 323 (2010), the United States Supreme Court explained that when a state court conducted a second sentencing hearing after the defendant obtained federal habeas relief, the defendant could seek federal habeas relief from the new sentence without the application being considered second or successive.
>
> In *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015), the inmate unsuccessfully pursued federal habeas relief from a state-court judgment, after which he persuaded a state court to vacate his sentence and resentence him. Unhappy with his new sentence, he sought federal habeas relief. *Id.* On appeal, the Sixth Circuit held that the latter federal habeas proceeding could include claims that challenged the undisturbed convictions as well as the second sentencing. *Id.* at 157. Similarly, in *Wentzell v. Neven*, 674 F.3d 1124, 1125 (9th Cir. 2012), the Ninth Circuit held that a petition seeking federal habeas relief after an "amended judgment of conviction" was not second or successive, even though the petitioner—prior to the amended judgment of conviction—had a previous § 2254 petition dismissed as time-barred.
>
> But unlike the situations in *Magwood*, *King*, and *Wentzell*, Petitioner has had no second sentencing hearing or amended judgment of conviction that could act as a new judgment. In other words, Plaintiff has shown no intervening "new judgment" that "resets the application count and prevents [the current petition] from being 'second or successive.'" *See King*, 807 F.3d at 157 (quoting *Magwood*, 561 U.S. at 323-24). Rather, Petitioner is in custody pursuant to the convictions and sentences—the judgment—that occurred in 1993. Because a previous petition for relief under § 2254 challenging the 1993 judgment was dismissed as time-barred, the current petition is successive and Petitioner is required to seek authorization from the Tenth Circuit to proceed on it.

*Id.* at *2-3.

This rationale applies equally to the current situation. Simply put, Petitioner's assertion that the KCOA's "July 12, 2024 order reinstated [his] conviction and sentence" (Doc. 1, p. 14) is incorrect. The Twelfth Edition of Black's Law Dictionary defines "reinstate" as "[t]o place again

9

in a former state or position; to restore." The example given is "the judge reinstated the judgment that had been vacated." Bl. Law Dict. (12th ed. 2024). The convictions and sentences under which Petitioner is in custody occurred in 1993 and there is no indication that those convictions and/or sentences were ever vacated. At its core, the KCOA's recent opinion affirmed the lower court's holding that Petitioner was not entitled to relief from those convictions and/or sentences. The KCOA did not reinstate the convictions or sentences; the convictions and sentences were never vacated. Thus, the KCOA's 2024 holding was not a new judgment that moves the current § 2254 petition out of the realm of successive petitions.

As Petitioner is aware, this Court lacks jurisdiction to consider unauthorized successive petitions for § 2254 relief; the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. *See Alford*, 2023 WL 1815680 at *3. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed in a successive § 2254 petition.

Finally, Petitioner is advised that a dismissal without prejudice should not be interpreted as an invitation to continue filing unauthorized successive § 2254 petitions in this Court. At this point in time, Petitioner's continuing efforts to challenge the 2011 dismissal of his first § 2254 petition as untimely are repetitive and frivolous. *See United States v. Le*, 412 Fed. Appx. 148, 150-51 (10th Cir. Feb. 11, 2011) (unpublished) (holding that 28 U.S.C. § 2255 petition raising an issue that had been repeatedly denied was repetitive and frivolous).

> The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . [T]he Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions. The goal of fairly dispensing

> justice is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims.

*Id.* (quoting *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). "'[F]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.'" *Davis v. Kobach*, 2023 WL 2375111, *5 (D. Kan. Marc. 6, 2023) (unpublished) (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010)).

Future unauthorized successive § 2254 petitions filed in this Court that seek relief from Petitioner's 1993 convictions and sentences may be summarily dismissed for lack of jurisdiction without further explanation. In addition, Petitioner's practice of seeking to challenge the 2011 holding that his first § 2254 petition was time-barred—a challenge which both this Court and the Tenth Circuit have explained must fail—is approaching the level of abusive litigation. Petitioner therefore also is cautioned that if he continues to file unauthorized § 2254 petitions with this Court that seek reconsideration of the 2011 timeliness analysis, he may be subject to filing restrictions.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

11

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 25th day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge