IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENT L. ALFORD

                Petitioner,

v.                                                      CASE NO. 24-3185-JWL

DONALD LANGFORD,

                Respondent.

## MEMORANDUM AND ORDER

On October 25, 2024, this Court dismissed this federal habeas matter without prejudice as an unauthorized successive petition over which this Court lacks jurisdiction and declined to issue a certificate of appealability. (Doc. 2.) It comes now before the Court on Petitioner Brent L. Alford's motion for reconsideration (Doc. 4), filed on October 31, 2024, and his supplement to the motion (Doc. 5), filed on November 1, 2024.

### Background

In 1993, a jury in Sedgwick County, Kansas convicted Petitioner of first-degree murder, aggravated kidnapping, and unlawful possession of a firearm and the state district court sentenced him to a controlling sentence of life in prison plus a hard 40. (Doc. 2, p. 1.) Petitioner's extensive history of litigating these convictions and sentences in both state and federal court is set forth in detail in the Court's prior memorandum and order and will not be repeated here. *See id.* at 1-7. As relevant to the motion for reconsideration, Petitioner has filed multiple petitions in this Court seeking relief under 28 U.S.C. § 2254. The first petition was dismissed in 2011 as time-barred; Petitioner did not appeal that dismissal. *Id.* at 2.

Petitioner's later attempts to challenge the timeliness finding were unsuccessful. In 2017,

1

in an appeal from the denial of Petitioner's 2016 motion for relief from the 2011 judgment, the Tenth Circuit explained that it did not have jurisdiction to review the timeliness finding made in 2011. *See id.* at 3-4. Moreover, in the same order, the Tenth Circuit affirmed that this Court lacks jurisdiction to address the merits of a second or successive § 2254 petition unless the Tenth Circuit has authorized the petitioner to proceed. *Id.* at 5. Accordingly, when Petitioner filed a second § 2254 petition related to his 1993 convictions without having first obtained authorization from the Tenth Circuit, this Court dismissed it for lack of jurisdiction. *Id.*

When Petitioner filed his third § 2254 petition in 2020, however, this Court recognized that Petitioner had "a basis for questioning the time bar" and transferred the petition to the Tenth Circuit for potential authorization to proceed. *Id.* at 5-6. The Tenth Circuit declined to authorize Petitioner to proceed, clearly explaining that the petitions after his initial one were "second or successive applications that the district court lacks jurisdiction to rule on without our authorization." *Id.* at 6. Thus, when Petitioner filed a § 2254 petition in 2023 without first obtaining authorization from the Tenth Circuit, this Court dismissed it for lack of jurisdiction. *Id.* at 8. It did the same with Petitioner's most recent unauthorized § 2254 and declined to issue a certificate of appealability. *Id.* at 10-11.

**Motion to Reconsider (Doc. 4) and Supplement (Doc. 5)**

Petitioner timely filed a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 4.) He asks this Court to reconsider issuing a certificate of appealability in this matter, asserting that "reasona[ble] jurists could debate the correctness of the district court's decision, irrespective of any prior decision or arguments concerning statutory tolling." *Id.* at 1. In support, Petitioner directs the Court's attention to *Deal v. McKune*, 244 Fed. Appx. 185 (10th Cir. 2007). *Id.* Petitioner also filed an addendum to his motion to reconsider in which he asserts that

2

the Court misconstrued his petition and made an error of fact when it stated that he asserted that the Kansas Court of Appeals order of July 12, 2024 reinstated his conviction and sentence. (Doc. 5, p. 1-2.) Petitioner argues that the July 2024 order "reset" the limitation period for filing a federal habeas petition under § 2254 and "that this is his first application challenging this [J]uly 12, 2024 judgment." *Id.*

Under Rule 59(e), the Court may grant a motion to amend judgment only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. "Rule 59(e) motions are not second or successive [habeas] petitions, but instead a part of a prisoner's first habeas proceeding." *Bannister v. Davis*, 590 U.S. 504, 517 (2020). Nevertheless, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508.

Petitioner's motion can be liberally construed to seek relief under Rule 59(e)(3) based on his allegation that the Court misconstrued the arguments in the petition and made "an error of fact." (*See* Doc. 5, p. 1.) To the extent that Petitioner argues that he "did not assert that the Kansas Court of Appeals July 12, 2024 order reinstated [his] conviction and sentence," however, his argument is contradicted by the petition. Page 14 of the petition clearly states: "*The Kansas Court of Appeal's July 12, 2024 order reinstated Alford's conviction and sentence*, prior to this order, he had never received any ruling on the merits of his original K.S.A. 60-1507 petition, or his outstanding K.S.A. 60-259(f)." (Doc. 1, p. 14 (all errors in original) (emphasis added).)

The Court has carefully considered the remaining arguments in Petitioner's motion and addendum to his motion and concludes that Petitioner has not shown grounds for relief under Rule 59(e). He has not shown an intervening change in the controlling law, he does not depend on new evidence that could not have been obtained previously, and he does not demonstrate the need to correct clear error or prevent manifest injustice. Although *Deal* involved somewhat similar issues, the Tenth Circuit has expressly held with respect to Petitioner: "The dismissal of Alford's first § 2254 application was thus a decision on the merits, and his subsequent applications, including the one at issue here, are second or successive applications that the district court lacks jurisdiction to rule on without our authorization." *See Alford v. Cline*, Case No. 20-3003-SAC, Doc. 14, p. 7 (10th Cir. July 6, 2020). Simply put, this language means that Petitioner must seek and obtain Tenth Circuit authorization prior to applying in this Court for federal habeas relief from his 1993 convictions because without that authorization, this Court lacks jurisdiction to consider the application.

Petitioner did not obtain authorization from the Tenth Circuit prior to filing the habeas petition that began this case. Like the other, earlier petitions that sought to challenge Petitioner's 1993 convictions, this Court therefore concluded that the petition tin this matter was an unauthorized successive application over which this Court lacks jurisdiction. Petitioner's motion to reconsider and addendum thereto does not alter that conclusion or the Court's holding that reasonable jurists would not debate that holding. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has shown no persuasive reason for the Court to reconsider the conclusions set

forth in the dismissal order, including the decision not to issue a certificate of appealability. The motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Doc. 4) is **denied.** No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of November, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge